UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NOEL D. CLARK, JR. and ZOFIA OWSIANA,

    Plaintiffs,

v.

Case No.: 2:22-cv-46-SPC-NPM

KRISTY A HAGER, DESTINY SMITH, MICHAEL KAYUSA, JORDAN ZOELLNER, TERRI STANFORD MAHON, CHERYL DENISE PRAMUK, SUSAN LARNED and DAVID GED,

    Defendants.

_____ /

## ORDER[1]

Before the Court is pro se Plaintiffs Noel Clark and Zofia Owsiana's Complaint (Doc. 1). Because the allegations on subject-matter jurisdiction are deficient, the Court must dismiss.

Federal courts have an obligation to ensure their jurisdiction sua sponte when (as here) it is lacking. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). Mostly, a federal court has original jurisdiction over two types of cases—federal

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

question (28 U.S.C. § 1331) and diversity (28 U.S.C. § 1332). The burden to establish jurisdiction falls on the party asserting it. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Plaintiffs bring three claims: (1) conspiracy to commit fraud; (2) fraud; and (3) notary fraud. Best the Court can tell, these are state-law claims based on Florida contract, property, and probate principles. In other words, there is no federal question. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) (noting § 1331 "is invoked by and large by plaintiffs pleading a cause of action created by federal law"). To be sure, the Court must liberally construe the pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Yet it cannot act as counsel for Plaintiffs. *E.g.*, *United States v. Cordero*, 7 F.4th 1058, 1068 n.11 (11th Cir. 2021). And from even the most liberal construction, there is no federal question to divine from the Complaint's face. *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830-31 (2002). If Plaintiffs intend to bring a federal claim, they must do so on repleading.

With federal question out, the Court turns to diversity. It seems Plaintiffs rely on that as their jurisdictional basis. But there are several issues.

First, the Complaint merely alleges the parties' residence. This is not enough. It is beyond settled law that diversity is based on the parties' citizenship—not their residence. *E.g.*, *Steigleder v. McQuesten,* 198 U.S. 141,

2

143 (1905). If planning to assert diversity jurisdiction, Plaintiffs must identify each party's citizenship.

Second, even if the Court overlooked that defect, the parties are not completely diverse. Plaintiffs apparently believe there is diversity because one Defendant (Kristy Hager) is diverse from Plaintiffs. Not so. All plaintiffs must be diverse from all defendants. *E.g.*, *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553-54 (2005). Because seven Defendants—along with Plaintiffs—appear to be citizens of Florida, there is no complete diversity. If diversity is Plaintiffs' jurisdictional basis, they must correct this defect.

At bottom, the Complaint does not allege any basis for subject-matter jurisdiction. Because Plaintiffs failed to carry their burden on that issue, the Court dismisses without prejudice. *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 2168-69 (11th Cir. 2013).

One final matter. The Complaint does not comply with the Court's typography requirements. Local Rule 1.08. While Plaintiffs are pro se, they must still comply with the Court's procedural rules. *E.g.*, *Woodford v. Ngo*, 548 U.S. 81, 103 (2006). The Court encourages Plaintiffs to get an attorney or—at a minimum—consult the District's Guide for Proceeding Without a Lawyer.[2]

---

[2] *Available at*, https://www.flmd.uscourts.gov/sites/flmd/files/documents/flmd-guide-for-proceeding-without-a-lawyer.pdf.

Accordingly, it is now

**ORDERED:**

1. Plaintiffs' Complaint (Doc. 1) is **DISMISSED without prejudice** for lack of subject-matter jurisdiction.

2. Plaintiffs may **FILE** an amended complaint consistent with this Order **on or before February 9, 2022**. **The failure to do so will result in the case being closed without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida on January 26, 2022.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record