UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NOEL D. CLARK, JR. and ZOFIA
OWSIANA,

     Plaintiffs,

v.                         Case No.:  2:22-cv-46-SPC-NPM

KRISTY A HAGER,

     Defendant.
_____/

### ORDER[1]

Before the Court is pro se Plaintiffs' Motion to Vacate (Doc. 13).  On March 23, the Court entered a standard endorsed order dismissing this action without prejudice because Plaintiffs failed to move for clerk's default in time. (Doc. 11).  Now, Plaintiffs move to vacate that ruling.

Much of the Motion is irrelevant to this issue.  Plaintiffs (1) seem frustrated with the Court following the relevant rules and (2) accuse the Court of disliking pro se parties by efficiently managing its docket (e.g., reviewing a new case for subject-matter jurisdiction, striking filings that do not comply with applicable rules, and holding parties to deadlines).  The Court need not

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

respond except to remind Plaintiffs—for the third time—they must comply with all procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 103 (2006); (Docs. 3 at 3; 8 at 1-2).[2]  That includes all Local Rules, like Local Rule 1.10 (which demands plaintiff move for clerk's default within a set time).  If Plaintiffs expect lenient deadlines because they are pro se, federal courts offer no such treatment.  *E.g.*, *Wayne v. Jarvis*, 197 F.3d 1098, 1104 (11th Cir. 1999) ("Liberal construction does not mean liberal deadlines."), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003).

With that addressed, the Court liberally construes the Motion.  After a deadline expires, a "court may, for good cause, extend the time" if the movant shows "excusable neglect."  Fed. R. Civ. P. 6(b).  It appears one or both Plaintiffs hired a lawyer (or are doing so).  And Plaintiffs had trouble navigating the Court's website to find some forms.  Finally, Plaintiffs moved for clerk's default.  (Docs. 14; 15).  The Court finds good cause and excusable neglect.  So it grants the Motion and reopens the case.

That said, the Court once again strikes Plaintiffs' Notices of Related Action.  As the Court instructed, "The parties" must "jointly complete and file" a notice.  (Doc. 8 at 1 (quoting Doc. 4 at 2)).  Joint means all parties together—

---

[2] *See also McNeil v. United States*, 508 U.S. 106, 113 (1993) ("While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed, . . . we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

including Defendant Kristy Hager.  Again, Plaintiffs individual Notices are not joint.  They should review all Orders the Court issues.  One explained: a joint notice should "be filed when filing the Uniform Case Management Report." (Doc. 4 at 2).  That Report is due "within **FORTY (40) DAYS** after any defendant appears."  (Doc. 4 at 2).

As with any pro se party, the Court keeps encouraging Plaintiffs to get an attorney or—at a minimum—consult the District's Guide for Proceeding Without a Lawyer.[3]  If Plaintiffs hired a lawyer, she should represent them and file motions or other papers on Plaintiffs' behalf.  According to Plaintiffs, their counsel needs "a reasonable time to digest" the pleadings.  (Doc. 13 at 4).  But any lawyer should be able to "digest" a three-count Complaint and fifteen-docket-entry case in little to no time.  The Court expects any counsel (if retained) to file a notice of appearance and represent Plaintiffs.

Accordingly, it is now

**ORDERED:**

1.  Plaintiffs' Sworn Motion to Vacate Dismissal and Reinstate Civil Case to Active Status (Doc. 13) is **GRANTED**.

2.  The Clerk is **DIRECTED** to vacate the Judgment (Doc. 12) and reopen this case.

---

[3]  *Available at*,  https://www.flmd.uscourts.gov/sites/flmd/files/documents/flmd-guide-for-proceeding-without-a-lawyer.pdf.

3.  Plaintiffs' Notices of Related Cases (Docs. 9; 10) are **STRUCK**.

**DONE** and **ORDERED** in Fort Myers, Florida on March 30, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record